BAILEY v. RIGGS.

4-3501

Opinion delivered June 25, 1934.

*James B. McDonough,* for appellants.

*G. L. Grant,* for appellees.

HUMPHREYS, J. This suit was commenced by appellees in the chancery court of Sebastian County, Fort Smith District, to recover $1,000 from the makers of a note executed on the first day of May, 1929, by John Mayne Bailey and Della Mae Bailey to the City National Bank of Fort Smith as agent; and to foreclose a mortgage on certain real estate therein described to secure same. It was alleged that said note of $1,000 was one of a series of six separate notes evidencing an indebted-

ness of $6,000 for borrowed money, secured by said mortgage, and the appellees purchased the $1,000 note in question from said bank for $1,000 in cash, and that the interest on said note was payable at said bank, and that at maturity the principal was also payable at said bank. It was also alleged that, the day after the note matured, the appellees left the note at said bank for collection and took a receipt therefor reciting that it was left with said bank for that purpose, and that they notified the bank that they wanted the money on the note and not to renew or extend it. It was also alleged that, in violation of their instructions, said bank took renewal notes for $6,000 and a new mortgage to secure it and canceled and surrendered the old notes and mortgage, including the $1,000 note belonging to appellees. The prayer of the complaint was for a judgment against the Baileys, the bank, and I. H. Nakdimen, president of same.

A demurrer was filed on the grounds that the complaint failed to state a cause of action; that the action of foreclosure was prematurely brought; and that there was a defect of parties for failure to make the holders of the other notes parties defendant.

The demurrer was sustained, and appellees filed an amended complaint incorporating all of the allegations of the original complaint and, in addition, alleged that said bank and its president were acting as the agent of the Baileys and themselves in renewing the loan and not as appellees' agent; and also more specifically alleged the conversion of appellees' $1,000 note by the cancellation and surrender thereof to the Baileys and their acceptance and retention thereof without paying same. Appellees renewed the prayer of their original complaint.

Appellants thereupon filed a motion to transfer the cause to the circuit court on the ground that, if any cause of action were stated in the amended complaint, it was an action at law and not in equity.

The chancery court sustained the motion, and, after the cause was lodged in the circuit court, appellees made a motion to remand same to the chancery court, which was overruled.

Thereafter, appellants filed a demurrer to the complaint upon the same grounds set forth in the demurrer in the chancery court, which demurrer was never ruled upon by the circuit court, no request being made by appellants that it do so.

Appellants then filed an answer denying the material allegations of the complaint, reserving the right to question the sufficiency thereof. Further answering, appellants stated that the original $1,000 note was left with said bank for renewal; that, after the new notes and mortgage were executed in exchange and satisfaction of the original notes and mortgage, two interest payments were made by the Baileys to the bank and by it paid to appellees with full knowledge of appellees of the exchange and cancellation of the old notes for the new, thereby ratifying the extension of the loan. The prayer was for a dismissal of the complaint.

The cause was submitted to the jury upon an instruction to the effect that they should return a verdict in favor of appellees for the face of the old note as damages against the Baileys and said bank, if they should find from a preponderance of the evidence that appellees left their note for $1,000 with said bank for collection with specific instructions not to renew same, and that the makers and said bank renewed same without their knowledge and consent and pursuant thereto new notes and a mortgage to secure them were executed to said bank as agent without the knowledge of appellees, and that the bank tendered appellees one of the new $1,000 notes in lieu of their old note, which they refused, unless the appellees subsequently ratified the renewal thereof.

Under this instruction and others requested by appellants and appellees relative to whether the renewal was ratified, the jury returned a verdict against appellants in the amount prayed for, upon which judgment was rendered, from which is this appeal.

Appellants first contend for a reversal of the judgment because no cause of action was alleged in the complaint.

It is unnecessary to determine whether a cause of action in equity was stated in the complaint because that question was determined in favor of appellants on demurrer, and the motion to transfer the cause to the circuit court, and no appeal has been taken from that decree.

The amended complaint sufficiently alleges a conversion of the old note of $1,000 belonging to appellees jointly by said bank and the makers thereof, and the attempted substitution of the new note therefor, which appellees refused to accept, all without the knowledge and consent of appellees. *Arkansas Fertilizer Co.* v. *City National Bank,* (Tex. Civ. App.), 137 S. W. 117.

Appellants also contend for a reversal of the judgment because the evidence is insufficient to support same. The uncontradicted evidence shows that, when the old note for $1,000 matured, it being payable at said bank and executed to said bank as agent, the note was presented to said bank for collection and was received and receipted for that purpose alone with specific instructions by appellees not to renew or extend same. The uncontradicted evidence also shows that said bank violated the instruction and renewed the note by agreement with the Baileys, the makers thereof, to take new notes and a new mortgage to secure same without the knowledge or consent of appellees. At this juncture, a sharp dispute or conflict arises in the testimony.

The testimony on the part of appellants reflects that, after being informed of the transaction, appellees accepted the new note in lieu of the old, but, becoming dissatisfied, returned the new note, with full knowledge of all that had been done and thereafter received two interest payments on the new note knowing they were interest payments on same.

The testimony on the part of appellees reflects that, when they were informed of the transaction and the new note was tendered to them in lieu of the old note, they declined to accept same and demanded a return of their old note or money in payment thereof, and that the two payments of interest thereafter received by them were payments of interest on the old note.

460

This issue of fact was clearly one for the jury and not the court, and their finding is binding on appellants, as the instructions of the court upon the question of ratification were correct.

The court gave instruction No. 3 requested by appellees on the issue of ratification, which is as follows:

"Even though you may find from the evidence in this case that the plaintiffs, J. A. Riggs and P. L. Riggs, received the interest on the $1,000 after the date that the $6,000 loan was renewed by the bank and Mr. Bailey, this alone would not constitute a ratification of the renewal, or prevent the plaintiffs from recovering in this action.

"Before the plaintiffs can be held to have ratified the renewal by accepting the interest on the $1,000, they must have accepted it with full knowledge that it was being paid on the new note."

The court also gave instruction No. 3 requested by appellants on the same issue, which is as follows: "If the plaintiffs left the old note at the City National Bank for collection, and if the said note of John Mayne Bailey and his wife were renewed, and if the plaintiffs received said renewed note and returned the same to the bank with a statement that they did not wish to purchase the note or to renew the old note, and if plaintiffs thereafter received interest on the new note, they cannot recover."

Both are correct, and there is no conflict between them.

Instruction No. 2, given at the request of appellees, fully covered the main issue in the case, and it was unnecessary to give instructions requested by appellant upon the same issue, as those requested were a repetition of the one given.

No error appearing, the judgment is affirmed.